UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES D. ROBERTSON,<br><br>    Petitioner,<br><br>    v.<br><br>KELLY SANTORO, Warden,<br><br>    Respondent. | Case No. 17-cv-04201 EDL (PR)<br><br>**ORDER GRANTING MOTION TO STAY** |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 16, 2017, the Court found that Petitioner's Claims 1-6 stated cognizable claims, but Claims 7-10 included no factual support to state a cognizable claim. The Court dismissed the petition with leave to amend to allow Petitioner to include factual support for Claims 7-10. In addition, the Court noted that Claims 7-10 were unexhausted and Petitioner moved for a stay under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). The Court denied the motion for a stay and advised Petitioner that he could re-file the motion but must demonstrate: (1) "good cause" for his failure to exhaust his claims in state court; (2) that his unexhausted claims are not "plainly meritless"; and (3) that he has not engaged in "intentionally dilatory litigation tactics." *See Rhines*, 544 U.S. at 278.

Case No. 17-cv-04201 EDL (PR)
ORDER GRANTING MOTION TO STAY

1

On January 8, 2018, Petitioner filed an amended petition. Claims 1-6 again state cognizable claims for relief. Claim 7 appears to be a duplication of Claim 3. To the extent Claims 3 and 7 allege the same constitutional violation, the claims will be subsumed into one. Liberally construed, Petitioner's amended petition state cognizable claims for relief.

Petitioner has filed another motion for a stay and abeyance "for good cause." Petitioner indicates that he has elected "to choose Option (3) and alleges good cause" for Petitioner's failure to exhaust his claims in state court. However, it is unclear what "Option (3)" is, and Petitioner actually does not set forth any reasons to establish "good cause." Nonetheless, because Petitioner's amended petitioner currently states only exhausted claims, a *Rhines* stay is inapplicable, and Petitioner need not show good cause for a stay.

It is well-settled that a district court has the discretion to stay and hold in abeyance a petition containing only exhausted claims. *See Calderon v. United States Dist. Court (Thomas)*, 144 F.3d 618, 620 (9th Cir. 1998); *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 988 (9th Cir.1998); *see also Kelly v. Small*, 315 F.3d 1063, 1070 (9th Cir. 2003) ("we join the 'growing consensus' in recognizing the clear appropriateness of a stay when valid claims would otherwise be forfeited").

Petitioner is cautioned, however, that a "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Specifically, a petitioner must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts," and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of limitations. *King*, 564 F.3d at 1141-43. The Court has no opinion about the eventual timeliness of Petitioner's new claims or whether they would "relate back" to the original

Case No. 17-cv-04201 EDL (PR)
ORDER GRANTING MOTION TO STAY

2

petition. Nonetheless, the Court finds that the most prudent decision is to wait to address these issues after Petitioner exhausts his state remedies and moves to amend his amended petition to include the newly exhausted claims.

Accordingly, Petitioner's motion to stay is GRANTED.

## CONCLUSION

Accordingly, the Court orders as follows:

1. Petitioner's motion for a stay is GRANTED. This action is hereby STAYED while petitioner exhausts his unexhausted claims in the state courts.

2. **If Petitioner wishes to have this Court consider any of his unexhausted claims, he must properly present those claims to the California Supreme Court within thirty days of the date this order is filed. Thereafter, within thirty days of the California Supreme Court's decision, he must file a second amended petition in this Court setting forth his newly exhausted claims in addition to any previously exhausted claims he still wishes to have this Court consider.**

3. The second amended petition must include the caption and civil case number used in this order (No. 17-cv-04201 EDL (PR)) and the words SECOND AMENDED PETITION on the first page. The second amended petition supersedes any previous petitions, and Petitioner may not incorporate material from the prior petitions by reference. The second amended petition must only include exhausted claims, and it must set forth all the claims Petitioner wishes this Court to consider with sufficient clarity and particularity for Respondent to prepare an answer.

4. This stay will be lifted, and this matter will proceed, only upon the filing of the above-described second amended petition, or a notice that Petitioner has decided to abandon his unexhausted claims and wishes to proceed only with the exhausted claims in the amended petition. If Petitioner does not take any further action, this case will remain stayed and he will not receive any ruling from the Court on his petition.

Case No. 17-cv-04201 EDL (PR)
ORDER GRANTING MOTION TO STAY

3

5. The Clerk shall STAY and ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When Petitioner informs the Court that exhaustion has been completed, the case will be administratively re-opened.

**IT IS SO ORDERED.**

DATED: March 26, 2018

ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

Case No. 17-cv-04201 EDL (PR)
ORDER GRANTING MOTION TO STAY

4