UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES D. ROBERTSON,<br>Petitioner,<br>v.<br>KELLY SANTORO,<br>Respondent. | Case No. 17-cv-04201-EMC<br><br>**ORDER DISMISSING SOME CLAIMS AND SETTING BRIEFING SCHEDULE FOR OTHER CLAIMS**<br><br>Docket No. 21 |

## I. INTRODUCTION

Charles Robertson, a *pro se* prisoner, filed this action for a writ of habeas corpus to challenge his 2013 murder conviction. He sought and obtained a stay of this action so that he could return to state court to exhaust state judicial remedies for some unexhausted claims. He later filed a second amended petition containing ten claims, three of which were newly exhausted. Respondent now moves to dismiss the three newly exhausted claims on the ground of untimeliness. Mr. Robertson opposes the motion to dismiss. For the reasons discussed below, the Court will dismiss the three newly exhausted claims as barred by the statute of limitations and will set a briefing schedule so that the parties may address the merits of the other claims in the second amended petition.

## II. BACKGROUND

Mr. Robertson was convicted in 2013 in the San Francisco County Superior Court of first degree murder and was found to have personally used a deadly weapon in the commission of the offense. He was sentenced to a total of 26 years to life in prison.

He appealed. The California Court of Appeal affirmed the judgment of conviction on May

18, 2016. Docket No. 22-16 at 176. The California Supreme Court denied review on August 24, 2016. Docket No. 22-16 at 246.

Mr. Robertson then filed several petitions for writ of habeas corpus in the state courts, and commenced this action while he was also pursuing relief in the state courts.

On or about June 8, 2017, Mr. Robertson constructively filed a petition for writ of habeas corpus in the San Francisco County Superior Court.[1] (State Petition # 1.) The petition was denied on July 25, 2017. Docket no. 22-16 at 261-62.

On July 10, 2017, Mr. Robertson constructively filed his *federal* petition for writ of habeas corpus. The petition contained ten claims. This Court dismissed the petition with leave to amend on October 16, 2017, because Mr. Robertson had not alleged facts in support of Claims 7-10, which also were unexhausted. Docket No. 7. Mr. Robertson then constructively filed a first amended petition on December 28, 2017, that dropped his unexhausted claims and requested a stay so that he could exhaust state court remedies for Claims 7-10. Docket No. 11. This Court granted a stay of the proceedings under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), on March 26, 2018, so that Mr. Robertson could return to state court. Docket No. 12.

Meanwhile, on December 28, 2017, Mr. Robertson had constructively filed a petition for writ of habeas corpus in the California Court of Appeal. (State Petition # 2.) The petition was denied on January 11, 2018. Docket No. 22-16 at 300.

On March 16, 2018, Mr. Robertson constructively filed a petition for writ of habeas corpus in the California Supreme Court. (State Petition # 3.) The petition was denied on July 11, 2018. *Id.* at 331.

On January 29, 2019, Mr. Robertson constructively filed another petition for writ of habeas corpus in the California Supreme Court. (State Petition # 4.) The petition was denied on June 12, 2019. *See* Docket No. 22-16 at 376.

---

[1] This Court applies the prisoner mailbox rule to determine the relevant filing dates. *See Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (document is deemed filed when it is given by an unrepresented prisoner to prison officials to mail it to the court). Because Mr. Robertson was an unrepresented prisoner, the Court uses the date Mr. Robertson gave the document to prison officials to mail to the court as the constructive filing date. Thus, many of the filing dates in this chronology do not match the date the petition was actually stamped "filed" in a court.

Having finished his efforts to exhaust in the state courts, Mr. Robertson constructively filed a second amended petition in federal court on July 11, 2019, adding the now-exhausted Claims 7, 8, and 10. Docket No. 13.[2]

The Court reviewed the second amended petition, lifted the stay, and ordered respondent to show cause why the second amended petition should not be granted. Docket No. 14.

Robertson's second amended petition presents the following claims: (1) the trial court's denial of a defense motion challenging the prosecutor's peremptory challenge to an African-American prospective juror violated Robertson's constitutional rights to a fair trial and equal protection of the laws; (2) Robertson's due process right to present a complete defense was violated when the trial court excluded evidence of the victim's convictions and the victim's statement that he wanted to buy a knife; (3) Robertson's right to due process was violated by the admission of evidence that he was a pimp, that Delona Jacobs was his prostitute, and that he had hit Jacobs; (4) prosecutorial misconduct during closing argument violated Robertson's right to a fair trial and an impartial jury; (5) cumulative error; (6) Robertson's right to due process was violated because the evidence was insufficient to show the premeditation and deliberation necessary to convict him of first-degree murder; (7) trial counsel provided ineffective assistance by failing to investigate and present a defense of "diminished capacity and mental defect," Docket No. 13 at 98; (8) appellate counsel provided ineffective assistance by failing to argue on appeal that trial counsel provided ineffective assistance regarding Robertson's mental state; (9) Robertson's right to due process was violated by the admission of evidence of Robertson's prior domestic violence and pimping; and (10) trial counsel provided ineffective assistance by failing to communicate to Robertson a favorable plea offer.

### III.  DISCUSSION

Respondent moves to dismiss Claims 7, 8, and 10 of the second amended petition on the ground that they are time-barred under 28 U.S.C. § 2244(d), as amended by the Antiterrorist and

---

[2] Claim 9 repeats Claim 3: both assert that the admission of evidence that Mr. Robertson was a pimp and engaged in domestic violence violated his right to due process. Claim 9 is dismissed as duplicative of Claim 3.

3

Effective Death Penalty Act of 1996 (AEDPA). Respondent argues that Claims 1-6 are timely because they were exhausted and in the original petition filed before the one-year statute of limitations period expired. Respondent argues that Claims 7, 8, and 10 are time-barred because the limitations period expired before the second amended petition containing Claims 7, 8, and 10 was filed. The first matter to decide is whether Claims 7, 8, and 10 relate back to Claims 1-6 in the original petition because, if they do, they would be timely as the original petition was timely. If they do not relate back, the Court must determine whether the second amended petition containing Claims 7, 8, and 10 was filed before the expiration of the one-year limitations period.

A.  Claims 7, 8, and 10 Do Not Relate Back To The Original Petition

A claim that is first presented in an amended petition filed after the one-year statute of limitations has expired relates back to the date of the original petition only if the claim in the amended petition arises out of the "'conduct, transaction, or occurrence'" contained in the original petition. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P. 15(c)(2)). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 650 (new coerced-confession claim did not relate back to the original petition that raised only a factually distinct Confrontation Clause claim). *Mayle* explicitly rejected the proposition that the "same 'conduct, transaction, or occurrence' [means the] same 'trial, conviction, or sentence.'" *Id.* at 664. Only if the original and amended petitions state claims that are tied to a common core of operative facts will the new claim in an amended petition relate back to the filing date of the original petition. *See id*. at 664-65. *Compare Rhoades v. Henry,* 598 F.3d 511, 519-20 (9th Cir. 2010) (district court properly denied leave to amend petition to add claims arising out of alleged misconduct of the prosecutors in another case against defendant based on FBI lab testing because those claims did not relate back to other timely filed claims about police questioning at the time of his arrest, jailhouse informant testimony, and judicial bias), *and Hebner v. McGrath*, 543 F.3d 1133, 1138-39 (9th Cir. 2008) (district court did not err by denying leave to amend petition where original claim challenged admission of evidence at trial and new claim challenged jury instruction concerning consideration of that evidence; they

were two discrete occurrences dependent upon separate transactions not sharing a common core of operative facts), *with Valdovinos v. McGrath*, 598 F.3d 568, 575 (9th Cir. 2010), *judgment vacated on other grounds, Horel v. Valdovinos*, 562 U.S. 1196 (2011) (*Brady* claim in amended petition related back to *Brady* claim in original petition where revision added newly discovered evidence that had not been disclosed by prosecutor; both the original and amended claims were "of the same type" in that both pertained to suppressed exculpatory evidence the government had in its file), and *id.* at 575-76 (ineffective assistance of counsel claim in amended petition related back to ineffective assistance of counsel claim in original petition where both claims pertained to counsel's alleged failure to adequately investigate suppressed exculpatory evidence upon learning of it and amended claim "simply adds more evidence that counsel did not uncover").

When considering whether a newly exhausted claim in an amended petition relates back to the original petition, only the exhausted claims in the original petition are considered. "The only sensible interpretation of *Mayle* is that it requires new claims to relate back to claims properly contained in the original petition—that is, those claims that were exhausted at the time of filing." *King v. Ryan*, 564 F.3d 1133, 1142 (9th Cir. 2009). When, as here, the newly exhausted claims were contained in the original petition but later were dismissed because they were unexhausted (and had to be dismissed to obtain a *Kelly* stay for the petitioner to return to state court), the district court only determines whether the newly exhausted claims relate back to the claims in the original petition that were exhausted at the time the original petition was filed. *See King*, 564 F.3d at 1142 (rejecting argument that *Mayle* was satisfied where nine newly exhausted claims in the amended petition were the same nine claims that were in the original petition as unexhausted claims).

Upon comparing Claims 7, 8, and 10 in the second amended petition with Claims 1-6 in the original petition, the Court concludes that Claims 7, 8, and 10 do not relate back because they do not arise out of the same "conduct, transaction, or occurrence" as any of the six claims in the original petition that were properly exhausted at the time the original petition was filed. Claim 7 asserts ineffective assistance (IAC) of trial counsel in failing to investigate and present mental-state evidence; Claim 8 asserts IAC by appellate counsel for failing to raise trial counsel's IAC

regarding the mental-state evidence; and Claim 10 asserts IAC of trial counsel in failing to communicate a favorable plea offer. The exhausted claims in the original petition have no common core of operative facts with these three IAC claims in the second amended petition. And none of the three claims is an IAC overlay to another claim asserted in the original petition.

For these reasons, Claims 7, 8, and 10 do not relate back to the original petition. Therefore, the next matter to determine is whether the second amended petition in which Claims 7, 8, and 10 were first properly asserted was timely filed.

B. Claims 7, 8, and 10 Are Untimely

Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The limitations period in this case began when the judgment became final upon "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The California Supreme Court denied Mr. Robertson's petition for review on August 24, 2016. His conviction became final 90 days thereafter, on November 22, 2016, because he did not petition the U.S. Supreme Court for writ of certiorari. *See Greene v. Fisher*, 565 U.S. 34, 39 (2011) ("Finality occurs when direct state appeals have been exhausted and a petition for writ of certiorari from this Court has become time barred or has been disposed of"); *see also* Cal. Rule of Court 8.366(b), 8.500(e).

The one-year limitations period can be equitably tolled because § 2244(d) is not

jurisdictional. *Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 655 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006). Mr. Robertson offers no reason to equitably toll the limitations period.

The limitations period is not tolled during the pendency of a *federal* petition for writ of habeas corpus. *See King* (citing *Duncan v. Walker*, 533 U.S. 167 (2001)). The filing of the original federal petition in July 2017 did not toll the limitations period as to Claims 7, 8, and 10 because those three claims were not exhausted at the time the original petition was filed and were not properly included in that original petition. Additionally, Mr. Robertson dismissed those claims as part of his effort to obtain a stay under *Kelly v. Small*, 315 F.3d 1063, to exhaust his state court remedies.

The one-year limitations period can be tolled statutorily for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is considered pending not only for the time the case is open on the docket of some court, but also for the time period between state habeas petitions if the petitioner files the later state habeas petition at a higher level court and does so "within what California would consider a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 197-98 (2006); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). This limitation applies even if the state court does not expressly impose a time bar. *Evans*, 546 U.S. at 197-98. *Evans* found that most states require a petitioner to proceed to a higher court within 30-60 days of a denial by a lower court, and held that the six-month delay in that case was unreasonable. *Id.* at 201. Thereafter, the Ninth Circuit has held that delays of 81 days and up generally do not result in tolling for the gap between the denial of a petition by one state court and the filing of a later petition at a higher level state court. *See, e.g., Velasquez v. Kirkland,* 639 F.3d 964, 968 (9th Cir. 2011) (91- and 81-day gaps not tolled); *Stewart v. Cate*, 757 F.3d 929, 935-36 (9th Cir. 2014) (delay of 100 days with no showing of good cause is an unreasonable delay); *Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (delay of 146 days between successive petitions

7

is not reasonable, so later petition not "timely filed"); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (unexplained, and hence unjustified, delays of 115 and 101 days between California habeas petitions were not reasonable).

Mr. Robertson is entitled to some statutory tolling for several of his state habeas petitions, but not enough time is tolled to make Claims 7, 8, and 10 timely.

The one-year limitations period began on November 23, 2016, after his conviction became final, and ran unabated for 198 days, until June 8, 2017, when Mr. Robertson constructively filed State Petition # 1. The limitations period was tolled from June 8, 2017, until the petition was denied on July 25, 2017. *See* § 2244(d)(2).

The one-year limitations period resumed running on July 26, 2017, and ran unabated for another 156 days, until December 28, 2017, when Mr. Robertson constructively filed State Petition # 2. Mr. Robertson is not entitled to tolling for the 156-day gap between the denial of State Petition # 1 and the filing of State Petition # 2 because it is too long a period of time to be considered a reasonable amount of time to proceed to the next level, and he made no attempt to justify his delay in state court. *See Chaffer,* 592 F.3d at 1048. In response to the question on the state form asking him to explain any delay, Mr. Robertson offered no excuse and instead stated that his petition "is timely." Docket No. 22-16 at 279 (response to question 15).

The limitations period was tolled during the pendency of State Petition # 2 and during the pendency of State Petition # 3. Respondent concedes that the limitations period also was tolled for the 64-day gap between those two petitions. *See* Docket No. 21 at 5 & n.3. This results in tolling from December 28, 2017, when State Petition # 2 was filed, until July 11, 2018, when State Petition # 3 was denied.

The limitations period resumed running on July 12, 2018, and expired 11 days later, on July 22, 2018, as that was the day that 365 days of untolled time had passed since the conclusion of direct review. Had the limitations period not expired after 11 days of untolled time, the limitations period would have run unabated for 202 days, until January 29, 2019, when Mr. Robertson constructively filed State Petition # 4. Mr. Robertson is not entitled to tolling for any part of the gap between the denial of State Petition # 3 and the filing of State Petition # 4 because

8

the 202-day delay was an unreasonable and unjustified delay. *See Chaffer,* 592 F.3d at 1048.

Had the limitations period not expired on July 22, 2018, the limitations period would have been tolled during the pendency of State Petition # 4 from January 29, 2019, until June 12, 2019, when the petition was denied. And had the limitations period not expired, the limitations period would have resumed running on June 13, 2019, and run unabated for another 29 days until July 11, 2019, when Mr. Robertson constructively filed the second amended petition containing Claims 7, 8, and 10 in this Court.

In sum, Mr. Robertson receives no equitable tolling; only statutory tolling applies for the state petitions filed before his limitations period expired. His one-year limitations period expired on July 22, 2018, as that was the date on which 365 days (198 + 156 + 11 days) of untolled time had passed since his conviction became final upon the conclusion of direct review on November 22, 2016.

Mr. Robertson argues in his opposition that he is entitled to relief from his procedural default because he was not represented by an attorney during state habeas proceedings. *See* Docket No. 23 (citing *Martinez v. Ryan*, 566 U.S. 1 (2012)). His reliance on *Martinez* is misplaced because it does not pertain to the timeliness of a petition. "[T]he equitable rule in *Martinez* 'applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application to the operation or tolling of the § 2244(d) statute of limitations' for filing a § 2254 petition." *Lambrix v. Secretary, Fla. Dep't of Corr.*, 756 F.3d 1246, 1249 (11th Cir. 2014); *see also Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) ("As our discussion shows, the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."). The *Martinez* citation and procedural default discussion offered in Mr. Robertson's opposition are to no avail because Respondent does not argue that the claims are procedurally defaulted; instead he argues the claims are barred by the statute of limitations.

Mr. Robertson's second amended petition for writ of habeas corpus filed on July 11, 2019 – the pleading that first contained the properly exhausted Claims 7, 8, and 10 -- was filed almost a

9

year after the federal habeas statute of limitations period expired on July 22, 2018. Claims 7, 8, and 10 therefore must be dismissed as untimely.

### IV. CONCLUSION

Respondent's motion to dismiss is **GRANTED**. Docket No. 21. Claims 7, 8, and 10 are dismissed because the second amended petition for writ of habeas corpus containing those three claims was not filed before the expiration of the habeas statute of limitations period.

With the dismissal of Claims 7, 8, and 10 as untimely, and the dismissal of Claim 9 as duplicative of Claim 3 (*see* footnote 2), only Claims 1-6 in the second amended petition remain for adjudication. The Court now sets the following briefing schedule for Claims 1-6: Respondent must file and serve his answer or other response no later than **March 6, 2020**. Petitioner must file and serve his traverse no later than **April 3, 2020.**

**IT IS SO ORDERED**.

Dated: February 7, 2020

_____
EDWARD M. CHEN
United States District Judge